UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEANDRE ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-03820-JPH-TAB |
| | ) |
| JAMIE COY Officer, | ) |
| LESLIE GOODMAN Officer, | ) |
| DAVID YOUNG Sgt., | ) |
| MICHAEL KRUL Lt., | ) |
| DUSTIN KIDD Sgt., | ) |
| ANGEL PETTY Officer, | ) |
| BLAKE HUBER Unit Team Manager, | ) |
| SAMMY JOSEPH Investigator, | ) |
| GREG PEARSON Investigator, | ) |
| NIKKO RUCKER Officer, | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING FOURTH AMENDED COMPLAINT, DISMISSING MISJOINED CLAIMS, AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

**I. Screening Fourth Amended Complaint**

**A.** *Legal Standards*

Plaintiff Keandre Arnold is a prisoner currently confined at New Castle Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

**B.** *Allegations*

Mr. Arnold paid the filing fee on January 28, 2020. Dkt. 28. The fourth amended complaint tendered on March 27, 2020, names 15 defendants. Those defendants are: 1) Officer Jamie Coy;

1

2) Blake Hubber; 3) Mr. Jackson; 4) Lt. Kenny Stephen; 5) Officer Thomas; 6) Officer Guthrie; 7) Officer Brogain; 8) Leslie Goodman; 9) Sgt. David Young; 10) Officer Nikko Rucker; 11) Lt. Michael Krul; 12) Sgt. Dustin Kidd; 13) Angel Petty; 14) Officer Wright; and 15 ) Officer Frye. For relief, Mr. Arnold seeks injunctive relief and compensatory and punitive damages.

Mr. Arnold alleges that on March 29, 2018, Officer Coy, Sgt. Young, and Lt. Krul subjected him to excessive force. These excessive force claims were also alleged in the original complaint, filed on September 9, 2019, dkt. 1, the first amended complaint filed on December 6, 2019, dkt. 18, and the second amended complaint, filed on January 15, 2020. Dkt. 27. The claims against these defendants are therefore deemed timely filed.

Mr. Arnold alleges that Officer Rucker kept him on the lowest phase of a mental health program and kept him in restraints during group therapy in retaliation for filing complaints. Mr. Arnold further alleges that in September and December 2019 and in February 2020, Lt. Stephens, Sgt. Kidd, Officer Guthrie, Officer Fry, Officer Brogain, Officer Thomas, Officer Wright, and Mr. Jackson retaliated against him for filing grievances and lawsuits and also violated his right to free exercise of religion in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Mr. Arnold also alleges that case manager Angel Petty, Sgt. Kidd, and Officer Rucker witnessed racial discrimination against him by other officers but did not want to get involved by reporting it.

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 20 allows joinder of multiple defendants only when the allegations against them involve the same transaction or occurrence and common questions of fact and law. The fourth amended complaint contains a series

of claims that do not involve the same occurrences or common questions of fact and involve defendants different than those named in the first excessive force claims.

The Court will not use its limited resources to attempt to discern and sever all the distinct claims that Mr. Arnold might want to pursue in separate actions. If he files separate complaints, he should keep in mind that a series of different incidents involving different defendants do not belong in the same lawsuit. Each newly filed complaint will be screened in accordance with 28 U.S.C. § 1915A(b). In addition, he will be obligated to pay a filing fee for each lawsuit he files.

The excessive force claims against Officer Coy, Sgt. Young, and Lt. Krul **shall proceed.** All other claims are dismissed without prejudice as misjoined.

## II.  Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Jamie Coy, Sgt. David Young, and Lt. Michael Krul in the manner specified by Rule 4(d). Process shall consist of the fourth amended complaint tendered on March 27, 2020 (dkt. 32-1, dkt. 34), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Mr. Arnold's motion for clarification, dkt. [35], is **granted** to the extent that the fourth amended complaint is the operative pleading in this action.

The **clerk is requested** to **update the docket** to reflect that the only defendants in this action are Officer Jamie Coy, Sgt. David Young, and Lt. Michael Krul. The **clerk is requested** to send a courtesy copy of this Entry to attorney Adam Forrest.

**SO ORDERED.**

Date: 4/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

KEANDRE ARNOLD
201948
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Officer Jamie Coy
Correctional Captain Gard
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Sgt. David Young
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Lt. Michael Krul
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Adam Forrest
27 North Eighth Street
Richmond, IN 47374