UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEANDRE ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-03820-JPH-TAB |
| ) | |
| JAMIE COY Officer, ) | |
| DAVID YOUNG Sgt., ) | |
| MICHAEL KRUL Lt., ) | |
| ) | |
| Defendants. ) | |

**ENTRY GRANTING MOTION TO AMEND,
SCREENING FIFTH AMENDED COMPLAINT,
AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

### I. Plaintiff's Pending Motions

The plaintiff's motion to correct error, dkt. [38], motion to amend complaint, dkt. [40], and motion to alter or amend judgment, dkt. [41], are **GRANTED to the extent** that the Court will screen the plaintiff's fifth amended complaint. Dkt. 39-1.

### II. Screening Fifth Amended Complaint

#### A.   *Legal Standards*

Plaintiff Keandre Arnold is a prisoner currently confined at New Castle Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

1

**B.**     *Allegations*

The fifth amended complaint tendered on April 30, 2020, names 7 defendants. Those defendants are: 1) Officer Jamie Coy; 2) Officer Leslie Goodman; 3) Sgt. David Young; 4) Lt. Michael Krul; 5) Ms. Petty; 6) Sgt. Dustin Kidd; and 7) Officer Nikko Rucker. For relief, Mr. Arnold seeks injunctive relief and compensatory and punitive damages.

Mr. Arnold alleges that from March 1, 2018, through June 7, 2018, Officer Goodman, Officer Coy, and Sgt. Young would harass him with racial slurs and paid other racially motivated offenders to attack him. They also allegedly used excessive force against him on a daily basis when they put placed steel restraints on his wrists and legs so tightly that it caused swelling and bleeding and joint and nerve damage and scarring. Whenever Mr. Arnold asked for medical, these officers responded with more racial slurs.

More specifically, on March 29, 2018, Officer Goodman, Sgt. Young, and Officer Coy again put tight restraints on him, causing bleeding and swelling and nerve and joint damage. When Mr. Arnold asked for a supervisor, the three officers responded with racial slurs and told him they would beat him with a wooden baton. Lt. Krul then approached, made racial comments, and struck him in the face. Then, Officer Goodman, Lt. Krul, Officer Coy, Sgt. Young all smashed Mr. Arnold's hand and wrist in the door slot, and took turns striking him in the head, face, arm, hands, wrist, and knee with the baton. Afterward, they refused to call medical staff to provide treatment to Mr. Arnold. When the next shift came on, a nurse who saw Mr. Arnold called for emergency treatment. Mr. Arnold alleges that these officers were then terminated from their jobs.

Mr. Arnold further alleges that Officer Rucker, Officer Petty, and Sgt. Kidd witnessed or were otherwise made aware of the abusive treatment and excessive force but did not want to get involved. Sgt. Kidd allegedly told Mr. Arnold not to file any grievances about these incidents.

### C. *Discussion*

The Eighth Amendment claims alleging excessive force, encouraging other inmates to attack, and refusal to contact medical staff against Officer Goodman, Lt. Krul, Officer Coy, and Sgt. Young **shall proceed.** The Fourteenth Amendment equal protection claims **shall also proceed** against these defendants.

The Eighth Amendment failure to intervene claims against Officer Rucker, Officer Petty, and Sgt. Kidd **shall proceed.**

These are the claims the Court discerns in the fifth amended complaint. If Mr. Arnold believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through June 15, 2020,** in which to identify those claims.

### III. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Jamie Coy, Sgt. David Young, Lt. Michael Krul, Officer Leslie Goodman, Officer Petty, Sgt. Dustin Kidd, and Officer Nikko Rucker in the manner specified by Rule 4(d). Process shall consist of the fifth amended complaint tendered on April 30, 2020 (dkt. 39-1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed to update the docket** by adding defendants Officer Leslie Goodman, Officer Petty, Sgt. Dustin Kidd, and Officer Nikko Rucker.

The **clerk is directed to file and re-docket** the "Fifth Amended Complaint," currently at dkt. 39-1.

The **clerk is requested** to send a courtesy copy of this Entry to attorney Adam Forrest. Mr. Forrest is requested to provide *last known addresses* for defendants who are no longer employed at New Castle Correctional Facility.

**SO ORDERED.**

Date: 5/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEANDRE ARNOLD
201948
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Officer Jamie Coy
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Sgt. David Young
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Lt. Michael Krul
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Officer Leslie Goodman
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Officer Petty
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Sgt. Dustin Kidd
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Officer Nikko Rucker
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Adam Garth Forrest
BOSTON BEVER KLINGE
CROSS & CHIDESTER
aforrest@bbkcc.com