UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEANDRE ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:19-cv-03820-JPH-TAB |
| LESLIE GOODMAN Officer, et al. | ) ) ) |
| Defendants. | ) |

**ENTRY DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

In this civil rights action, plaintiff prisoner Keandre Arnold alleges in his fifth amended complaint that from March through June 2018, when incarcerated at the New Castle Correctional, he was subjected to excessive force and racial threats and his equal protection rights were violated.

Mr. Arnold now seeks two preliminary injunctions. He seeks an order granting him 1) access to the law library, and 2) access to his medical files. Dkt. 72; dkt. 73. The defendants have opposed the motions for preliminary injunction. Dkt. 74.

"A preliminary injunction is an extraordinary remedy." *HH-Indianapolis, LLC v. Consol. City of Indianapolis and County of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018) (internal quotation omitted). "A party seeking a preliminary injunction must satisfy all three requirements in the threshold phase by showing that (1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *Id.* (internal quotation omitted). In addition, a portion of the Prison Litigation Reform Act provides as follows:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice

1

system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

"This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: [P]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012) (internal quotation omitted).

The defendants have shown that they have no control over Mr. Arnold's access to the law library or medical records. Therefore, any Court order against the defendants would be of no effect. In addition, the defendants have submitted evidence showing that Mr. Arnold does have access to library resources and that he has been instructed to talk to his doctor about reviewing his mental health records. Dkt. 74-2; dkt. 74-3. Mr. Arnold has failed to satisfy any of the three requirements for such extraordinary relief. He has not shown irreparable harm, lack of other available remedies, or likelihood of success on the merits of his motions. Therefore, his motions for preliminary injunctive relief, dkt. [72] and dkt. [73], are **denied.**

**SO ORDERED.**

Date: 9/14/2020

                                                  *James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEANDRE ARNOLD
201948
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com